17-3214
Singh v. Barr

BIA
A205 931 845

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

GURWINDER SINGH,
> *Petitioner,*

v.                                                          17-3214
                                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Amy Nussbaum Gell, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Holly M. Smith,

Senior Litigation Counsel; Sarah K. Pergolizzi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part, and DENIED in part.

Petitioner Gurwinder Singh, a native and citizen of India, seeks review of a BIA decision denying his motion to reopen. *See In re Gurwinder Singh,* No. A205 931 845 (B.I.A. Sept. 15, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reconsider or reopen for abuse of discretion, and we review the BIA's determination regarding country conditions for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]"); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111

2

(2d Cir. 2006). We do not reach the agency's adverse credibility finding, however, because Singh did not timely appeal the BIA's affirmance of the IJ's adverse credibility determination. *See Paul v. Gonzales*, 444 F.3d 148, 153 (2d Cir. 2006) ("[W]here an asylum applicant does not file a timely appeal disputing the BIA's affirmance of the IJ's credibility ruling, a motion to reopen does not provide a collateral route by which the alien may challenge the validity of the original credibility determination."). Accordingly, our review is limited to the BIA's denial of Singh's motion to reconsider and reopen, *see id.*, and we identify no abuse of discretion in the BIA's denial of that motion.

**Motion to Reconsider**

The BIA did not abuse its discretion by denying reconsideration because Singh's June 2017 motion was filed more than 30 days after the BIA's April 2017 decision. *See* 8 U.S.C. § 1229a(c)(6)(B) (providing that motion to reconsider "must be filed within 30 days of the date of entry of a final administrative order of removal"); *see also* 8 C.F.R. § 1003.2(b)(2).

3

**Motion to Reopen**

Singh's motion to reopen, however, was timely filed. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing that "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal"); 8 C.F.R. § 1003.2(c)(2) (same). "[A] motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). "A motion to reopen proceedings shall not be granted unless . . . th[e] evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see also INS v. Abudu*, 485 U.S. 94, 104 (1988) (observing that BIA may deny motion to reopen if movant has not introduced previously unavailable, material evidence).

The BIA did not err in denying Singh's motion to reopen because the evidence he offered in support thereof was either not new, or not material in that it merely reinforced country

4

conditions evidence already in the record. Two of the twelve documents that Singh submitted with his motion to reopen pre-date his August 2016 hearing before the IJ, and the relevant evidence that post-dates his hearing details events that occurred before August 2016. Such evidence, therefore, was not previously unavailable or new because it describes conditions and events in India before Singh's hearing. *See* 8 C.F.R. § 1003.2(c)(1).

Nor was the evidence material because it did not demonstrate conditions for Sikhs in India different from those reflected in the evidence produced at Singh's hearing. Singh's original evidence demonstrated that religious tensions were an ongoing concern in India, and that Hindu nationalists had long engaged in the persecution of religious minorities, including Sikhs. The evidence that Singh submitted with his motion to reopen confirmed ongoing religious tension and violence and that conditions had been deteriorating since before Singh's hearing. *See, e.g.*, Certified Administrative Record ("CAR") at 52-53 (2017 U.S. Commission on International Religious Freedom Report). In

5

short, the evidence was not materially different.

Singh argues that conditions for Sikhs have worsened since the election of Prime Minister Narendra Modi, but that election occurred in 2014, two years before Singh's hearing. While an article reports that Hindu nationalists and Prime Minister Modi's party dominated the 2017 regional elections, and that there are tensions between Muslims and Hindus, it does not otherwise detail any increased repression of Sikhs. *See* CAR at 75-76. On this record, the agency was not compelled to conclude that Singh's evidence was new or material to his fear of harm as a Sikh so as to warrant reopening. *See INS v. Abudu*, 485 U.S. at 104; *Jian Hui Shao v. Mukasey*, 546 F.3d at 168-69.

For the foregoing reasons, the petition for review is DISMISSED in part as to Singh's challenges to the underlying adverse credibility determination and DENIED in remaining part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court